IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE A. HANDWERK, | : | Civil No. 4:19-CV-01439 |
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson |
| ANDREW M. SAUL, *Commissioner of Social Security*, | : | |
| Defendant. | : | Magistrate Judge William I. Arbuckle |

## **MEMORANDUM**

Before the court is the report and recommendation of United States Magistrate Judge William I. Arbuckle recommending that Plaintiff's motion for attorney's fees be granted. (Doc. 30.) For the reasons that follow, the court declines to adopt the recommendation.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report and recommendation. Because the court gives "reasoned consideration" to these uncontested portions of the report and recommendation, the court will only restate the factual background and procedural history necessary for clarity in this opinion. *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). Plaintiff, Julie Handwerk, filed her original application for Social Security benefits on October 14, 2010. (Doc. 30, p. 2.) This application was denied on January 10, 2011, and

1

Plaintiff requested an administrative hearing on January 21, 2011. (*Id.*) After this hearing, Plaintiff's application was denied on June 28, 2012. (*Id.* at 3.) She requested review before the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council"), which was denied on September 27, 2013. (*Id.*)

On November 25, 2013, Plaintiff filed her first appeal with the court. (*Id.*) On October 24, 2013, United States Magistrate Judge Karoline Mehalchick issued a report and recommendation suggesting that the case should be remanded to the Commissioner for a new administrative hearing. (*Id.*) This recommendation was adopted on November 10, 2014, and the case was remanded to the Commissioner. (*Id.*) A second administrative hearing was held on June 9, 2015, and a second decision denying Plaintiff's application for benefits was issued on February 17, 2016. (*Id.* at 3–4.) On March 15, 2015, Plaintiff requested review of this second decision before the Appeals Council, which remanded Plaintiff's case to be heard by a new ALJ on October 7, 2016. (*Id.* at 4.) A third administrative hearing was held on February 16, 2017, and the ALJ issued a decision on June 28, 2017 denying Plaintiff's application for benefits. (*Id.*) On July 25, 2017, Plaintiff requested review of this decision. (*Id.*) The Appeals Council remanded the case on January 11, 2019 with instructions to "take any further action needed to complete the administrative record and issue a new decision." (*Id.*) "After

2

corresponding with Plaintiff's counsel in January 2019, [the ALJ] concluded that there was no need to conduct a fourth administrative hearing[,]" and Plaintiff's application for benefits was once again denied on April 24, 2019. (*Id.* at 5.)

On August 19, 2019, Plaintiff initiated the present action by filing a complaint, alleging that the ALJ was not properly appointed under the Constitution as required by *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).[1] (*Id.*) Judge Arbuckle issued a report and recommendation on April 27, 2020 suggesting that this case should be remanded to a new, properly appointed ALJ to conduct a new administrative hearing on Plaintiff's 2010 Social Security case. (Doc. 23.) This report and recommendation was adopted without objection by the undersigned on May 29, 2020, and the case was remanded to the Commissioner. (Doc. 24.) Thereafter, on August 6, 2020, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), which is the instant motion before the court. (Doc. 26.) On March 19, 2021, Judge Arbuckle issued a report and recommendation in which he opined that the motion for attorney's fees should be granted. (Doc. 30.) The Commissioner timely filed an objection to the report and recommendation, and Plaintiff filed a reply on the same day. (Docs. 32, 33.) Thus, this motion is ripe for disposition.

---

[1] It is undisputed that the instant appeal is the first time Plaintiff has raised the Appointments Clause issue.

3

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

## DISCUSSION

**A. Attorney's Fees under the EAJA.**

The EAJA provides, in pertinent part, that:

4

> Except as otherwise specifically provided by statute, a court **shall** award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, **unless** the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In this case, neither party contests that Plaintiff was the prevailing party in the underlying action. However, the parties dispute whether the Commissioner's position was substantially justified.

The Supreme Court has held that, in the EAJA context, the term "substantially justified" does not mean "justified to a high degree" but instead means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, "an agency position is substantially justified if it has a reasonable basis in both law and fact." *Id.* (internal quotation omitted). The court of Appeals for the Third Circuit has explained that:

> [U]nder 28 U.S.C. § 2412(d)(2)(D), "the position of the United States" includes not only the position taken in the litigation, but the agency position that made the litigation necessary in the first place. Thus, unless both the agency's litigation and pre-litigation positions meet the [legal standards prescribed by the EAJA], the government's position is not substantially justified.

5

*Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citations omitted). The Government bears the burden of establishing that its position had a reasonable basis in law. *Id.*

In addition, the Third Circuit has cautioned that "[a] court must not assume that the government's position was not substantially justified simply because the government lost on the merits." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001). In other words, "[t]he relevant legal question is 'not what the law now is, but what the Government was substantially justified in believing it to have been.'" *Id.* (quoting *Pierce*, 487 U.S. at 565, 566 n.2).

### B. The Commissioner's Pre-Litigation Position was Substantially Justified.

Judge Arbuckle's report and recommendation found that the Commissioner's pre-litigation position was not substantially justified because the Commissioner twice had the opportunity to consider whether a new hearing was warranted before a constitutionally appointed ALJ and twice concluded that no such hearing was necessary. (Doc. 30, pp. 14–21.) Indeed, Judge Arbuckle places significant weight on the fact that the Appeals Council remanded Plaintiff's Social Security case to the ALJ after *Lucia* had been decided, and on the ALJ's subsequent decision to reach out to Plaintiff's counsel to determine whether a new hearing was necessary. (*Id.*) In Judge Arbuckle's view, the Commissioner's

6

failure to sua sponte raise the Appointments Clause issue was not "reasonable in the main" and justified an award of attorney's fees to Plaintiff.  (*Id.* at 21.)

Based on the court's review of caselaw within this Circuit, the court finds that Judge Arbuckle's view is an outlier, despite the distinguishing features of this case in which the Appeals Council and the ALJ raised the issue of whether a new hearing was warranted post-*Lucia*.  Initially, the court notes that where, as here, "the case turns on an unsettled or 'close question of law,' . . . the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as legal by the courts." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (quoting *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)).  At the time Plaintiff's pre-litigation administrative proceedings were ongoing, "the question of whether a claimant must exhaust his or her Appointments Clause challenge before obtaining judicial review remained unsettled law." *Flynn v. Saul*, No. 19-58, 2021 U.S. Dist. LEXIS 116898, at *7 (E.D. Pa. June 22, 2021).

This is because the Supreme Court held in *Lucia* that a new hearing should be granted if a claimant makes a **timely** Appointments Clause challenge to the ALJ presiding over the administrative proceedings.  *See* 138 S. Ct. at 2055.  However, the Supreme Court did not define what constitutes a "timely challenge."  *See id.* "After *Lucia*, . . . numerous courts considered cases where a Social Security

7

claimant was raising an Appointments Clause challenge that they had not raised administratively, with differing results." *Marant v. Saul*, No. 18-4832, 2020 U.S. Dist. LEXIS 107680, at *12 (E.D. Pa. June 19, 2020). As explained by the Eastern District:

> The majority of district courts throughout the country found that a plaintiff was required to exhaust the issue, while our own district was split in the decision on the issue. The law was not settled in this district until the Third Circuit issued its decision in *Cirko*, holding that claimants for Social Security disability benefits could make Appointments Clause challenges "in federal court without having exhausted those claims before the agency." [*Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020)].

*Powell v. Saul*, No. 18-4881, 2020 U.S. Dist. LEXIS 113582, at *11 (E.D. Pa. June 30, 2020).

Thus, until January 2020 when the Third Circuit issued its decision in *Cirko*, courts within and outside of this Circuit were divided on the issue of whether plaintiffs were required to administratively exhaust Appointments Clause issues in order to have raised a "timely challenge" to this constitutional defect as set forth in *Lucia*. *See Dove-Ridgeway v. Saul*, No. 1:19-cv-35, 2021 U.S. Dist. LEXIS 87380, at *9–10 (D. Del. May 7, 2021) (noting that the law regarding a claimant's obligation to raise an Appointments Clause challenge at the administrative level was unsettled before *Cirko*); *Flynn*, 2021 U.S. Dist. LEXIS 116898, at *8 (noting that "the law regarding what constitutes a timely challenge in the Social Security context was not settled in this district" until the Third Circuit's decision in *Cirko*);

*Wojciechowski v. Saul*, No. 18-3843, 2020 U.S. Dist. LEXIS 113595, at *10 (E.D. Pa. June 30, 2020) ("At the pre-litigation administrative level, the issue of exhaustion of the Appointments Clause claim was not settled law."); *Rich v. Comm'r of the SSA*, 477 F. Supp. 3d 388, 394 (E.D. Pa. 2020) ("While we expect the Commissioner respond to a claimant's constitutional concerns when raised and to conform to 'settled law' consistent with his oath to defend the Constitution, we do not expect nor require the Commissioner to predict how the judiciary will interpret the Constitution in conducting administrative proceedings among varied interpretations."); *Hoover v. Saul*, 485 F. Supp. 3d 538, 542–43 (M.D. Pa. 2020) (classifying the state of the law regarding these issues as a "shifting legal terrain").

The Commissioner has consistently maintained that Social Security claimants must affirmatively exhaust Appointments Clause challenges at the administrative level before bringing such claims in federal court.  (*See* Doc. 32.) While "[t]he majority of district courts throughout the country found that a plaintiff was required to exhaust the issue, . . . our own district was split in the decision on the issue." *Wojciechowski*, 2020 U.S. Dist. LEXIS 113595, at *11.  Thus, in light of the fact that "the case turns on an unsettled or 'close question of law,'" and that the majority of courts across the country agreed with the Commissioner, the court finds that the Commissioner's "legal theory was 'reasonable,' even [though] it was

9

not ultimately accepted as legal by the courts" within this Circuit. *Washington*, 756 F.2d at 961 (quoting *Dougherty*, 711 F.2d at 563).

 Moreover, of the courts to have considered this issue in the Third Circuit, those with facts similar to those presented in this case have determined that the Commissioner, through either the Appeals Council or the presiding ALJ, was not required to raise Appointments Clause issue sua sponte. *See Dove-Ridgeway*, 2021 U.S. Dist. LEXIS 87380, at *12 (holding that "the Commissioner was under no obligation to sua sponte raise Appointments Clause challenges"); *Flynn*, 2021 U.S. Dist. LEXIS 116898, at *8–9 ("Plaintiff has not cited any authority, and this Court has found none, to support the position that the Commissioner, through either an ALJ or the Appeals Council, must sua sponte raise an Appointments Clause issue."); *Lenz*, 2021 U.S. Dist. LEXIS 114186, at *9 (collecting cases) ("[C]ourts in this circuit have consistently held that . . . the Commissioner did not act unreasonably in declining to raise an Appointments Clause issue sua sponte in the absence of the issue being raised by the claimant."); *Powell*, 2020 U.S. Dist. LEXIS 113582, at *12 (noting that there is no known authority requiring the Commissioner to raise Appointments Clause issues on behalf of a claimant where the claimant fails to do so); *Wojciechowski*, 2020 U.S. Dist. LEXIS 113595, at *12 (same).

In light of the unsettled legal landscape at the time Plaintiff's case was pending at the administrative level, the large number of cases within this Circuit that have found the Commissioner's pre-litigation position to be substantially justified based on the unsettled nature of the law, and the equally large number of cases that have held that there is no obligation for the Commissioner to sua sponte raise Appointments Clause issues for claimants at the administrative level, the court concludes that the Commissioner's pre-litigation position was substantially justified and declines to adopt Judge Arbuckle's report and recommendation on these grounds.[2]

### C. The Commissioner's Litigation Position was Substantially Justified.

The court next turns to whether the Commissioner's litigation position was substantially justified. As explained above, the Government has the burden of establishing that the Commissioner's position was substantially justified. *Hanover Potato Prod., Inc.*, 989 F.2d at 128. The Government may do so by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts

---

[2] Because Judge Arbuckle concluded that the Commissioner's pre-litigation position was not substantially justified, he did not consider whether the Commissioner's litigation position was substantially justified. In order to obtain an efficient resolution of this case, the court will consider this question.

11

alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

The facts of this case easily satisfy this first prong. It is undisputed that Plaintiff did not raise an Appointments Clause challenge at the administrative level before bringing an appeal in federal district court. Thus, the Commissioner can show a "reasonable basis in truth for the facts alleged." *Id.*

Second, the Commissioner had a reasonable basis in law for the theory it propounded. The Commissioner argued that "a litigant who does not timely raise an argument before an administrative agency[] forfeits that argument." (Doc. 27, p. 6.) In addition, the Commissioner argued that no settled law required either the Appeals Council or the ALJ to raise the Appointments Clause issue sua sponte. (*Id.* at 7–8.) The court finds that there was a reasonable basis to so argue, based on the discussion of the unsettled caselaw appearing above which the court does not reiterate here. *See Flynn*, 2021 U.S. Dist. LEXIS 116898, at *11–12 (collecting cases). Indeed, as the District of Delaware has explained:

> "Pre-*Cirko* . . . , particularly within the Third Circuit, there existed sufficient variation between decisions on whether or not an Appointments Clause challenge needed to be raised in the administrative proceedings to render the commissioner's position substantially justified" constituting the type of "'unsettled or close question of law' that justifies the Government's position as based on a reasonable theory of law." Significantly, in *Carr* the Supreme Court explicitly noted the unsettled nature of law on the issue[:]

> In *Lucia*, the Supreme Court held that a new hearing should be granted if one makes a "timely challenge" to the constitutionality of the Appointment of an ALJ . . . but . . . did not define what qualifies as a "timely challenge." Therefore, whether the claimant waives the Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response[.]

141 S. Ct. 135 (citations omitted).

The court therefore finds the Commissioner had a reasonable basis in law for its litigation position. *Dove-Ridgeway*, 2021 U.S. Dist. LEXIS 87380, at *15. As explained above, in light of the fact that "the case turns on an unsettled or 'close question of law,'" the court finds that the Commissioner's "legal theory was 'reasonable,' even [though] it was not ultimately accepted as legal by the courts." *Washington*, 756 F.2d at 961 (quoting *Dougherty*, 711 F.2d at 563).

With respect to the third and final prong, the court finds that the Commissioner has established a reasonable connection between the facts alleged and the legal theory advanced. *See Morgan*, 142 F.3d at 684. Plaintiff failed to raise the Appointments Clause challenge at the administrative level "and no settled law obligated the Commissioner to sua sponte raise it on her behalf." *Dove-Ridgeway*, 2021 U.S. Dist. LEXIS 87380, at *16. Thus, there was a reasonable connection between Plaintiff's failure to raise the issue and the Commissioner's forfeiture defense.

The court notes that the majority of the courts to have considered this issue agree that the Commissioner's litigation position was substantially justified. *See Flynn*, 2021 U.S. Dist. LEXIS 116898, at *13 (collecting cases); *Powell*, 2020 U.S. Dist. LEXIS 113582, at *15–16 (collecting cases); *Wojciechowski*, 2020 U.S. Dist. LEXIS 113595, at *16–17; *Rich*, 477 F. Supp. 3d at 398. Therefore, the court finds that the Commissioner's litigation position was also substantially justified, and the court will deny the motion for attorney's fees on these additional grounds.

## CONCLUSION

For the reasons stated herein, the court declines to adopt Judge Arbuckle's recommendation. Accordingly, the court will deny Plaintiff's motion for attorney's fees. An appropriate order will issue.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: October 4, 2021